197 N.J. Super. 146 (1984)
484 A.2d 341
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ARTHUR STANI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 31, 1984.
Decided November 14, 1984.
*148 Before Judges KING and DEIGHAN.
William B. Smith, Assistant Prosecutor, argued the cause for appellant (Alan A. Rockoff, Middlesex County Prosecutor, attorney; William B. Smith, on the brief).
John H. Fitzgerald, Assistant Deputy Public Defender, argued the cause for respondent (Joseph H. Rodriguez, Public Defender, attorney; John H. Fitzgerald, of counsel and on the brief).
The opinion of the court was delivered by KING, J.A.D.
In this case the State appeals the dismissal of a robbery and assault indictment by the Law Division judge. The judge concluded that further prosecution was barred by statutory and constitutional principles of double jeopardy. We affirm.
*149 Trial began on January 3, 1984 when a jury was impaneled and sworn. Opening statements were made and testimony by Detective Black was given on that day. On January 4 the State was unable to proceed because the victim, Hayes, who had been subpoenaed, did not appear to testify. The record strongly suggests that the victim was not inclined to cooperate with the State for his own personal reasons. At the judge's request the defense moved for a mistrial which was granted. The precise colloquy was
So, Mr. Iaria [Defense Counsel] I'm going to grant a mistrial, if you are going to move for a mistrial at the present time.
MR. IARIA: I so move.
THE COURT: I will grant it. I recognize that it's obviously a very drastic course of action. I think for all intents and purposes it probably means this case is over with. It means the jury would not have had to evaluate the charges and fairly and impartially decide what happened. It means there are potentially serious offenses; but for the reasons I expressed already, I think that the State, and the public represented by the State, has been given a fair and reasonable opportunity to bring Mr. Hayes in.
And  you know  it's not only been this morning and the rest  the remainder of yesterday afternoon; but, Mr. Smith [prosecutor], I think you indicated in the very beginning yesterday morning that you had some inclination that Mr. Hayes wasn't going to show up. You have also indicated today that he, apparently, went under cover at some earlier time.
So, I'm not suggesting that you have done anything wrong yourself. All I'm suggesting is that the time that I have given the State and the public to bring in Mr. Hayes is not quite as short as might appear if you're just looking at the half-day continuance I gave today.
So, in any event, I'm granting the mistrial.
The jury was then discharged and the judge signed an order on the same day stating "said indictment be dismissed because of the State's inability to continue with the prosecution and prove the charges."
The next day, January 5, the judge met with counsel, on the record, concerning the events of the previous day. The judge said that she "was a bit remiss yesterday in calling upon Mr. Iaria [defense counsel] to move for a mistrial because it was quite apparent all along he objected to any adjournment." She then made a specific finding that neither the defendant nor his counsel had any "intent whatsoever in seeking a termination of *150 the trial" on other than a dismissal basis. Defense counsel's expressed intent was to move for a dismissal when he acceded to the judge's request that he move for a mistrial. The judge also concluded that the trial was improperly terminated within the meaning of N.J.S.A. 2C:1-9(d)(1), (2) and (3) because defendant did not consent, the jury was not hung, and the termination was not "required by a sufficient legal reason and a manifest or absolute or overriding necessity." Id. at (3). See also U.S. Const., Amend. V; N.J. Const. (1947), Art. I, par. 11.
Putting aside the merits of the trial judge's exercise of discretion in first granting a mistrial and then dismissing the indictment, there is no dispute over what caused the termination of the trial. The State could not produce the victim of and the only witness to the alleged robbery to testify and could not prove a prima facie case with only the testimony of the one available witness, a detective. The defendant had been placed in jeopardy and he did nothing to spark the mistrial or dismissal. He had a constitutional right to proceed to verdict before his jury, or to a judgment of dismissal, if he so chose. Indeed, this was his clear intent throughout and the judge so found.
We do not think that his counsel's formal acquiescence in what was really the judge's sua sponte motion for a mistrial was sufficient to vitiate this substantial constitutional right. Indeed, on January 5 she concluded her remarks to counsel by saying: "I, on my own, am terminating this case.... How you name it, doesn't make any difference." By her acknowledged mistake in requesting defense counsel to move for a mistrial, the judge candidly noted: "I in no way intended to give the State some leverage to try to retry this case."
No one disputes that jeopardy had attached at the point at which the trial was terminated. The jury had been impaneled and sworn. See Crist v. Bretz, 437 U.S. 28, 37-38, 98 S.Ct. 2156, 2161-2162, 57 L.Ed.2d 24 (1978); State v. Lynch, 79 N.J. 327, 341 (1979). Formal characterizations by a trial judge cannot control the true nature of what actually occurs in *151 the courtroom. See U.S. v. Scott, 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65 (1978). Here defendant was ready to proceed. The matter went forward before a jury and testimony was taken. If the trial judge erred in (1) not granting a postponement as requested by the State both before and during trial or (2) in requesting defendant's joinder in her sua sponte motion, this was not defendant's doing. If there be any essence to the doctrine of jeopardy, it must be that the State may not retreat from the field when its case turns sour and then be permitted to sally forth on a future day before a new jury when its case is refreshed and reinforced. See United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971); Downum v. United States, 372 U.S. 734, 737, 83 S.Ct. 1033, 1035, 10 L.Ed.2d 100 (1963).
The fact that the judge may have erred in granting the mistrial and dismissal does not permit a further prosecution, overriding double jeopardy principles. State v. Lynch, 79 N.J. at 340. We conclude here that the procedural context was "functionally equivalent" to a defense motion to dismiss after the State showed its inability to prove a case deserving jury consideration. Ibid. A judge "must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate." United States v. Jorn, 400 U.S. at 486, 91 S.Ct. at 557. We find the following language in Lynch to be conclusive upon us
... This action was equivalent to the granting of a motion to dismiss at the end of the State's case. It saw no need to proceed formally through a trial. The jury having been impaneled and sworn, jeopardy had attached. The trial court's dismissal reflected an adjudication on the merits. The case was "over". The dismissal was a judgment of acquittal. The trial court's interpretation of the statute, though erroneous, led to prohibiting the admission of certain evidence  a ruling which may be "characterized as an erroneous evidentiary ruling," which in turn caused the acquittal for insufficient evidence. "That judgment of acquittal, however erroneous, bars further prosecution on any aspect of the [case] * * *." Sanabria v. United States, supra, 437 U.S. [54] at 68-69, 98 S.Ct. [2170] at 2181, 57 L.Ed.2d [43] at 56-57 [1978]. [79 N.J. at 343].
*152 In view of our conclusion, we find it unnecessary to reach the additional point, that the judge exceeded her discretion in denying the State's application for a continuance. Any further proceeding is barred by constitutional principles.
Affirmed.