619 A.2d 248

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
RALPH E. BARNES, JR., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 24, 1992—Decided January 15, 1993.

Before Judges ANTELL, DREIER and SKILLMAN.

*McDonald, Rogers & Rizzolo,* attorneys for appellant (*Michael J. Rogers,* on the brief).

*Nicholas L. Bissell, Jr.,* Somerset County Prosecutor, attorney for respondent (*Nicholas A. Giuditta, III,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

Defendant was indicted for attempted burglary of an automobile, in violation of *N.J.S.A.* 2C:5–1 and *N.J.S.A.* 2C:18–2a, and aggravated assault upon a law enforcement officer, in violation of *N.J.S.A.* 2C:12–1b(5).

A jury was empaneled on Tuesday, October 22, 1991, and the parties were directed to be ready to proceed the following morning. On the morning of October 23, 1991, the assistant prosecutor assigned to the case advised the court that her office was having difficulty locating the victim of the alleged attempted burglary. The prosecutor told the court that police officers had been sent to the victim's home but that she was not there, and that a prosecutor's representative had called her place of employment but that she was not there either. The prosecutor also stated that there were no reports of automobile accidents or hospital admissions which might explain the witness's absence. The prosecutor then requested the court to continue the trial for one day so that the whereabouts of this victim could be determined. However, the court denied the prosecutor's application. At 10:35 a.m. the court discharged

the jury and declared a mistrial. Defendant preserved his right to make an appropriate motion regarding the declaration of a mistrial.[1]

Defendant made a motion to dismiss the indictment on the ground that a retrial was barred by double jeopardy. The trial court denied the motion. We granted defendant's motion for leave to appeal and now reverse.

■ The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *U.S. Const.* amend. V. The New Jersey Constitution provides that "[n]o person shall, after acquittal, be tried for the same offense." *N.J. Const.* art. 1, ¶ 11. The protection against double jeopardy provided by these federal and state constitutional provisions "have been held coextensive in application." *State v. Rechtschaffer,* 70 *N.J.* 395, 404, 360 *A.*2d 362 (1976).

---

[1] The only record of the proceedings on October 23, 1991 is a two-page transcript reflecting the court's summary discharge of the jury and *sua sponte* declaration of a mistrial. The facts described in this opinion are taken primarily from the briefs filed in connection with defendant's motion to dismiss. It appears from those briefs that the assistant prosecutor advised the court in chambers that she was having difficulty locating the victim of the attempted burglary. However, the trial court did not require the assistant prosecutor to present evidence or even to make representations on the record regarding the efforts of the prosecutor's office to locate this witness.

*Rule* 1:2–1 requires all trials, hearings of motions and other applications to be conducted in open court, and *Rule* 1:2–2 requires those proceedings to be recorded verbatim. In those unusual circumstances where a matter of substance relating to a trial or motion is discussed in chambers off the record, the full record of those discussions must be placed on the record. *Fehnel v. Fehnel,* 186 *N.J.Super.* 209, 217, 452 *A.*2d 209 (App.Div.1982). Therefore, if a trial court conceives that difficulty in locating a witness may require the declaration of a mistrial or other remedial measure, the court should require a complete record of the relevant facts to be placed on the record before it acts. The trial court failed to properly discharge this responsibility.

■ It is firmly established that jeopardy attaches when a jury is selected and sworn. *Crist v. Bretz,* 437 *U.S.* 28, 98 *S.Ct.* 2156, 57 *L.Ed.*2d 24 (1978); *State v. Lynch,* 79 *N.J.* 327, 341, 399 *A.*2d 629 (1979). Therefore, if the court declares a mistrial without the defendant's consent after a jury is sworn, a retrial is barred by double jeopardy unless there was a "manifest necessity" for the mistrial or the "ends of public justice" would be defeated by an acquittal. *United States v. Dinitz,* 424 *U.S.* 600, 606–07, 96 *S.Ct.* 1075, 1079, 47 *L.Ed.*2d 267, 273 (1976); *State v. Rechtschaffer, supra,* 70 *N.J.* at 405, 360 *A.*2d 362. "The underlying hypothesis" of this rule is that "the trial once started should proceed to its conclusion." *Id.* at 406, 360 *A.*2d 362. A trial court's failure to consider less drastic alternatives than the declaration of a mistrial is one circumstance which has led reviewing courts to conclude that there was an absence of "manifest necessity" for a mistrial. *See, e.g., United States v. Jorn,* 400 *U.S.* 470, 485–87, 91 *S.Ct.* 547, 557–58, 27 *L.Ed.*2d 543, 557–58 (1971); *United States v. Bates,* 917 *F.*2d 388, 396 (9th Cir.1990); *United States v. McKoy,* 591 *F.*2d 218, 222 (3d Cir.1979); *State v. Rechtschaffer, supra,* 70 *N.J.* at 415, 360 *A.*2d 362.

■ Although the sudden serious illness or unexpected disappearance of a critical witness could create a "manifest necessity" for the declaration of a mistrial which would allow the State to retry a defendant, *see State v. Modell,* 260 *N.J.Super.* 227, 244, 615 *A.*2d 1264 (App.Div.1992), the temporary absence of a witness is an insufficient basis. *See Downum v. United States,* 372 *U.S.* 734, 83 *S.Ct.* 1033, 10 *L.Ed.*2d 100 (1963); *Mizell v. Attorney General of New York,* 586 *F.*2d 942 (2d Cir.1978), *cert. denied,* 440 *U.S.* 967, 99 *S.Ct.* 1519, 59 *L.Ed.*2d 783 (1979); *State v. Stani,* 197 *N.J.Super.* 146, 484 *A.*2d 341 (App.Div.1984).

Thus, in *State v. Stani, supra,* the victim of the alleged offense, who apparently was disinclined to cooperate with the State for personal reasons, failed to respond to a subpoena.

Defense counsel acceded to the court's request to move for a mistrial, which the court then granted. We held that the empaneling of a new jury and retrial of defendant under these circumstances was barred by double jeopardy:

The State could not produce the victim of and the only witness to the alleged robbery to testify and could not prove a *prima facie* case with only the testimony of the one available witness, a detective. The defendant had been placed in jeopardy and he did nothing to spark the mistrial or dismissal.
. . . .
If there be any essence to the doctrine of jeopardy, it must be that the State may not retreat from the field when its case turns sour and then be permitted to sally forth on a future day before a new jury when its case is refreshed and reinforced.
[*Id.* at 150–51, 484 *A.*2d 341.]

Similarly, in *Mizell v. Attorney General of New York, supra,* one prosecution witness left the State subsequent to the empaneling of a jury due to the death of a family member and another simply failed to appear in court. The prosecutor requested a continuance of the trial. However, the trial court denied that request and declared a mistrial *sua sponte.* A new jury was subsequently empaneled and defendant was convicted. Based on these facts, the federal district court held that the defendant's rights under the Double Jeopardy Clause had been violated:

There was no indication that either of the two witnesses would be unavailable by Monday. In fact, the request would indicate that the State could reasonably predict their attendance at that time. ... The only reason given by the court for the failure to grant a continuance was the convenience of the jury. The jury, however, had not been sequestered and a continuance would not have required them to serve beyond their appointed term. This fact is of special significance since "[t]he discretion to discharge the jury before it has reached a verdict is to be exercised 'only in very extraordinary and striking circumstances'...." *Downum v. United States, supra,* 372 *U.S.* at 736, 83 *S.Ct.* at 1034, quoting *United States v. Coolidge,* 25 Fed.Cas. No. 14,858, pp. 622, 623 (Cir.Ct.D.Mass.1815). Under these circumstances neither the "ends of public justice" nor "manifest necessity" required a mistrial. A continuance should have been granted.
[586 *F.*2d at 947].

██ There was a similar absence in this case of the kind of "manifest necessity" which could justify the declaration of a mistrial without the defendant's consent. The court took this

drastic action solely because an important prosecution witness failed to appear within the first hour and a half of the court day. The court was given no reason to believe that this witness was seriously ill or that her absence was more than temporary. Therefore, the court should have anticipated that the witness could be produced if the State's motion for a brief continuance were granted. Alternatively, the court could have insisted that the State proceed with the remainder of its case. We note in this connection that the State's proof of the charge of aggravated assault upon a law enforcement officer was not in any way dependent upon the testimony of the missing witness.

Finally, we reject the trial court's finding that defendant acquiesced in the declaration of a mistrial. To the contrary, when the court declared a mistrial *sua sponte*, defendant expressly reserved his right to move for a dismissal of the charges.

Accordingly, we reverse the court's order denying defendant's motion to dismiss the charges against him and remand for entry of a judgment of acquittal.